
1  LEE TRAN & LIANG LLP
2    James M. Lee (Bar No. 192301)
     Cyrus Khojandpour (Bar No. 260233)
3  601 S. Figueroa Street, Suite 3900
   Los Angeles, CA 90017
4  Tel: (213) 612-8900
   Fax: (213) 612-3773
5  Email: james.lee@ltlattorneys.com ,
          cyrus.khojandpour@ltlattorneys.com
6  
7  Attorneys for Plaintiff
   Actuate Corporation
8  
9                UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11                   SAN FRANCISCO DIVISION
12  
13  
14  
15  ACTUATE CORPORATION, a              CASE NO.:
    California corporation,
16                                       COMPLAINT FOR INJUNCTIVE
                   Plaintiff,            RELIEF UNDER 17 U.S.C. § 502
17                                       (COPYRIGHT INFRINGEMENT)
          v.
18  
19  FIDELITY NATIONAL
    INFORMATION SERVICES, INC. dba
20  FIS GLOBAL, a Georgia corporation,
    and DOES 1 through 10,
21  
                   Defendants.
22  
23  
24  
25  
26  
27  
28

Plaintiff Actuate Corporation complains of Defendant Fidelity National Information Services, Inc., dba FIS Global ("FIS") as follows:

## JURISDICTION AND VENUE

1. This action arises under the copyright laws of the United States, Title 17, *United States Code*. The jurisdiction of this Court is founded upon 28 U.S.C. § 1331, 17 U.S.C. § 502, and 28 U.S.C. § 1367.

2. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim and the actual harm to Plaintiff occurred in this District by reason of the Defendants' conduct as alleged below. Venue is proper in any judicial district in which any defendant would be amenable to personal jurisdiction. Defendants are subject to the personal jurisdiction in this District as a result of the following: (i) Defendants' intentional and willful continued infringement of the copyrighted material owned by Plaintiff; (ii) Defendants' knowledge that Plaintiff resided in and had its principal place of business in this District; (iii) Defendants' knowledge that the injury would be likely to be suffered in this District; and (iv) Defendants conduct or solicit business within this District, have targeted this jurisdiction with the conduct giving rise to this action and have availed itself of the privilege of doing business in this jurisdiction.

## INTRADISTRICT ASSIGNMENT

3. This action alleges, among other things, claims for copyright infringement. It is an intellectual property action and may be assigned on a district-wide basis pursuant to Civil L.R. 3-2(c).

## PARTIES

4. Actuate is a corporation incorporated under the laws of the state of Delaware with its headquarters at 951 Mariners Island Boulevard, San Mateo, California. Actuate is the successor-in-interest to Xenos Group, Inc. ("Xenos") the original licensor and copyright holder of certain software in dispute, as more fully described below.

5. Actuate is informed and believes, and on that basis alleges, that Defendant FIS is a company organized and existing under the laws of the Georgia with headquarters located at 601 Riverside Avenue, Jacksonville, FL 32204. FIS is authorized to do business throughout the state of California and conducts business in this judicial district.

6. The identities of the fictitiously named defendants are not currently known, and this complaint will be amended to include the names of such individuals or entities, when the same is known.

7. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times mentioned in this complaint, defendants, and each of them, were acting in concert and active participation with each other in committing the wrongful acts alleged herein, and were the agents of each other and were acting within the scope and authority of that agency and with the knowledge, consent and approval of each other.

8. Plaintiff has no plain, speedy, or adequate remedy at law, and stands to suffer irreparable harm. For that reason, Plaintiff seeks injunctive relief.

## FACTS GIVING RISE TO THIS ACTION

9. Actuate is in the business of developing, licensing and supporting business intelligence, print stream transformation, customer communication management and enterprise software. Actuate licenses that software almost

-2-

COMPLAINT

1 exclusively to large businesses enabling them to organize, generate, deliver and
2 present very large amounts of mission critical data to advance the way they
3 communicate with significant user communities, be they employees, partners or
4 customers of such organizations.

5  10.  On or about February 1, 2010, Actuate acquired Canadian
6 corporation Xenos.  Xenos developed and licensed, among other things, a
7 software suite commonly known and marketed as d2e Platform ("Software")
8 designed to process, extract, transform, repurpose and personalize high volumes
9 of data and documents for storage, real-time access, ePresentment, printing and
10 delivery in numerous formats across multiple channels.

11  11.  As successor-in-interest, Actuate holds copyrights for all software
12 licensed by Xenos, including the Software at issue in this complaint covered by
13 copyrights submitted for registration with the US Copyright office under Case
14 Nos. 1-1348937786, 1-1348937863, 1-1348937900, 1-1348937947,
15 1-1348937994, 1-1348938031, 1-1348938088, 1-1348938155, 1-1331196723,
16 1-1331196362, 1-1333696979, and 1-333696928 on April 15, 2014, in addition to
17 the following federally-registered United States copyrights: TX0007825106 and
18 TX007825107 (collectively "Copyrighted Work").

19  12.  Prior to the acquisition of Xenos by Actuate, on or about October 1,
20 2007, Xenos and TREEV LLC ("OEM") entered into a Software OEM
21 Agreement ("OEM Agreement").  The terms of the OEM Agreement provided
22 OEM with a non-exclusive license to, among other things, distribute certain
23 specific components of the Software as a component a bundle of OEM products
24 through a single tier of distribution.

25  13.  As consideration for the rights granted under the OEM Agreement,
26 OEM was obligated to pay Xenos for each copy of the Software licensed to end-
27 users.  The terms required OEM to purchase one license for each copy of the
28

-3-

COMPLAINT

Copyrighted Work installed on every two (2) CPUs that exist on the hardware where the Software is installed.

14. In June 2013, Actuate advised FIS, OEM's successor-in-interest, of certain discrepancies in royalty reports required to be provided under the OEM Agreement. Further discussions, revealed that FIS had unsatisfactory explanations for the discrepancies.

15. In August 2013, Actuate contacted FIS requesting information and invoking a right under the OEM Agreement to access FIS' records and documentation to confirm compliance with the licensing terms and provisions of the Agreement and to confirm the accuracy of FIS' reported license and maintenance royalties.

16. On or about October 18, 2013, FIS provided limited information in response to Actuate's repeated demands and in doing so admitted to over-deployment of the Software by multiple end-users.

17. FIS's disclosures insufficiently described the installation of the Software because they failed to give the specific, relevant information about the hardware configuration of the end-users. For example, the information did not include any information about how many copies of the Software were installed, or on how many CPUs each copy of the Software was installed.

18. FIS has sought to obscure the precise scope and magnitude of its over-deployment of Actuate's Copyrighted Work. Therefore, the full extent of Defendants' breaches of the OEM Agreement is unknown to Actuate at this juncture.

19. Nonetheless, FIS' admissions to date indicate that it distributed the Software in excess of the scope of the OEM Agreement license, including without limitation by failing to restrict use of the Software to specified hardware configuration and server environments.

20. As of the date of this Complaint, Defendants have not confirmed that they and their end-users have ceased the distribution, installation, or use of the unlicensed Software.

21. Actuate is informed and believes, and on that basis alleges, that Defendants continue to use the Software outside the scope of the license, thereby willfully infringing Actuate's copyrights.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### Against All Defendants

22. Actuate repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendants have reproduced, displayed, and distributed unauthorized copies of Actuate's Copyrighted Work. Such unauthorized copies and use exceed the permissible license terms and therefore constitute unlawful reproductions and distributions of Actuate's Copyrighted Work.

24. Defendants' acts violate the exclusive rights of Actuate as the copyright holder to reproduce, display and distribute the Copyrighted Work and to create derivative works from it, as set forth in 17 U.S.C. § 106.

25. Defendants' actions described above have caused and will continue to cause irreparable damage to Actuate, for which Actuate has no remedy at law. Unless Defendant is restrained by this Court from continuing their infringement of the Copyrighted Work in violation of 17 U.S.C. § 106, these injuries will continue to occur in the future.

## SECOND CLAIM FOR RELIEF

## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

### Against All Defendants

26. Actuate repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 24 above as though fully set forth herein.

27. Actuate is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted in and benefitted from the illegal reproduction and/or subsequent sales of the Software as alleged herein.

28. Actuate is informed and believes and thereon alleges that Defendants, and each of them, are liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and/or because they had a direct financial interest in the infringing conduct.

29. Defendants' actions described above have caused and will continue to cause irreparable damage to Actuate, for which Actuate has no remedy at law. Unless Defendant is restrained by this Court from continuing their infringement of the Copyrighted Work in violation of 17 U.S.C. § 106, these injuries will continue to occur in the future.

## THIRD CLAIM FOR RELIEF

### INJUNCTIVE RELIEF

### Against All Defendant

30. Actuate realleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Actuate is informed and believes, and on that basis alleges, Defendant's wrongful conduct described above, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to

COMPLAINT

Actuate in that such conduct, among other things, prevents them from receiving appropriate payments due under licensing arrangements it offers to the market.

32. Actuate has no adequate remedy at law for many of the injuries that are threatened in that it will be impossible for Actuate to determine the precise amount of damages it will suffer if said conduct is not restrained.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment in its favor against Defendants as follows:

1. An injunction barring Defendants from continuing to possess, copy, use, install, or distribute the Copyrighted Work in excess of the licenses purchased by OEM and a preliminary and permanent injunction requiring Defendants, and all those acting in concert or participation with them, from infringing or encouraging, aiding or abetting others to infringe the Copyrighted Work;

2. Costs of suit and attorneys' fees, pursuant to 17 U.S.C. § 505;

3. Such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

DATED: May 16, 2014           LEE TRAN & LIANG LLP

                              By_____
                                  James M. Lee
                                  Cyrus Khojandpour
                                  Attorneys for Plaintiff
                                  Actuate Corporation